Mark D. Rosenbaum (SBN 59940)
mrosenbaum@publiccounsel.org
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977

Lisa M. Gilford (SBN 171641)
lgilford@sidley.com
David R. Carpenter (SBN 230299)
drcarpenter@sidley.com
Stacy Horth-Neubert (SBN 214565)
shorthneubert@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 896 6044
Facsimile: (213) 896 6600

*Additional Counsel Listed on Next Page*

Attorneys for Plaintiffs
Z.W., C.Y, X.Y., A.G., M.X., Z.L., W.R.,
and DOES 1 through 50

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION AT SANTA ANA

| Z.W., C.Y, X.Y., A.G., M.X., Z.L., W.R., and DOES 1 through 50, <br><br> Plaintiff, <br><br> vs. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; CHAD R. WOLF, Acting Secretary, U.S. Department of Homeland Security; MATTHEW ALBENCE, Acting Director, U.S. Immigration and Customs Enforcement, <br><br> Defendant. | Case No.  8:20-CV-01220 CJC (KESx) <br><br> Assigned to: Hon. Cormac J. Carney <br> Magistrate Judge: Karen E. Scott <br><br> **PLAINTIFFS' NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO PROCEED UNDER FICTITIOUS NAMES AND FOR LEAVE TO FILE UNDER SEAL PORTIONS OF THE DECLARATION OF STACY HORTH-NEUBERT** <br><br> [Concurrently filed with (1) Declaration of William Lacker, and (2) Declaration of Stacy Horth-Neubert] |
|---|---|

Evan Caminker (*pro hac vice forthcoming*)
caminker@umich.edu
Dean Emeritus and Branch Rickey Collegiate Professor of Law
University of Michigan Law School*
701 South State Street, 3250 South Hall
Ann Arbor, MI  48109-1215
Telephone: (734) 763-5221

Mark E. Haddad (SBN 205945)
markhadd@usc.edu
USC Gould School of Law*
UNIVERSITY OF SOUTHERN CALIFORNIA
699 Exposition Blvd.
Los Angeles, CA  90089
Telephone:  (213) 675-5957

*University affiliation provided for identification purposes only*

# TABLE OF CONTENTS

**Page**

**NOTICE OF *EX PARTE* APPLICATION TO PROCEED UNDER FICTITIOUS NAMES** ........................................................................................ 1

I. **INTRODUCTION** ......................................................................................... 3

II. **LEAVE TO PROCEED WITH PSEUDONYMS SHOULD BE GRANTED BECAUSE THE GREAT NEED FOR ANONYMITY OUTWEIGHS ANY HARM.** ........................................................................ 3

    A. **Plaintiffs' Anonymity Is Essential to Prevent Retaliation and Preserve Privacy** ................................................................................ 5

        1. **Immigration status** ............................................................. 5

    B. **Harassment Based on National Origin** ........................................ 6

    C. **Health and Disability** ..................................................................... 6

    D. **The Public's Interest in Knowing the Names of Plaintiffs Is Not Substantial and Defendants Will Not Be Prejudiced; Thus, the Use of Pseudonym Is Appropriate.** ................................................. 7

III. **LEAVE TO FILE UNDER SEAL SHOULD BE GRANTED TO PROTECT PLAINTIFFS' IDENTITIES.** ....................................................... 8

# NOTICE OF *EX PARTE* APPLICATION TO PROCEED UNDER FICTITIOUS NAMES AND FOR LEAVE TO FILE UNDER SEAL PORTIONS OF THE DECLARATION OF STACY HORTH-NEUBERT

**TO ALL PARTIES AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE THAT** Plaintiffs hereby apply to the Court *ex parte* for an Order permitting Plaintiffs Z.W., C.Y, X.Y., A.G., M.X., Z.L., and W.R, to proceed under fictitious names.

Such orders are timely and are necessary to protect Plaintiffs' interests in this lawsuit. This *ex parte* Application will be based on the Memorandum of Points and Authorities and the declarations of William Lacker and Stacy Horth-Neubert filed herewith in support of the *ex parte* application.

Plaintiffs request that the parties be required to use these pseudonyms in all publicly filed documents in order to protect the identities of the parties to the action.

Pursuant to Local Rule 79-5, Plaintiffs also hereby seek leave to file under seal in part (the Declaration of Stacy Horth-Neubert in Support of *Ex Parte* Application to Proceed Under Fictitious Names and to File Under Seal, requested to the extent the Plaintiffs' *Ex Parte* Application and the Declaration of Stacy Horth-Neubert contain the true identities of the Plaintiffs and other identifying information

DATED: July 10, 2020             By: /s/ *David R. Carpenter**
                                     Lisa M. Gilford
                                     David R. Carpenter
                                     Stacy Horth-Neubert
                                     SIDLEY AUSTIN LLP

                                 By: /s/ *Mark D. Rosenbaum*
                                     Mark D. Rosenbaum
                                     PUBLIC COUNSEL

* Filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: /s/ *Evan Caminker*
Dean Emeritus and Branch Rickey
Collegiate Professor of Law
UNIVERSITY OF MICHIGAN
LAW SCHOOL**

By: /s/ *Mark E. Haddad*
USC Gould School of Law
UNIVERSITY OF SOUTHERN
CALIFORNIA**

Attorneys for Plaintiffs
Z.W., C.Y, X.Y., A.G., M.X., Z.L., W.R., and DOES 1 through 50

** University affiliation provided for identification purposes only.

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO PROCEED UNDER FICTITIOUS NAMES AND TO FILE UNDER SEAL

## I. INTRODUCTION

Plaintiffs respectfully request leave to proceed in this litigation under pseudonyms and request that the parties be required to use these pseudonyms in all publicly filed documents in order to protect the identities of parties to the action. Plaintiffs are students targeted by the July 6, 2020, Immigration and Customs enforcement ("ICE") guidelines and are at risk of facing removal proceeding. To prevent the harms of attaching Plaintiffs' identities to personal and sensitive disclosures, Plaintiffs should be permitted to proceed in this litigation using pseudonyms.

## II. LEAVE TO PROCEED WITH PSEUDONYMS SHOULD BE GRANTED BECAUSE THE GREAT NEED FOR ANONYMITY OUTWEIGHS ANY HARM.

The use of pseudonyms is allowed in cases where necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (finding threat of retaliation "enhanced at this stage of litigation" because there were only twenty-three plaintiffs, all nonresident foreign workers, among tens of thousands of employees, and defendants had power to trigger deportation proceedings "almost instantly")) (citation omitted). In determining whether anonymity is warranted, the court balances whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1068.

In cases involving fear of potential retaliation, courts evaluate the following factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation. *Id.* (citations omitted). In cases involving privacy interested, courts have

> carved out exceptions to Rule 10 if the parties have strong interests in proceeding anonymously. . . . In deciding whether to allow a plaintiff to plead anonymously, the court employs a balancing test to decide if the plaintiff has a substantial privacy interest outweighing the presumption of openness in judicial proceedings. . . . District courts throughout the country have identified several factors to consider in employing the balancing test. These factors include:
>
> (1) whether the plaintiff is challenging governmental activity;
>
> (2) whether the party defending the suit would be prejudiced;
>
> (3) whether the plaintiff is required to disclose information of the utmost intimacy;
>
> (4) whether the plaintiff is compelled to admit an intention to engage in illegal conduct, thereby risking criminal prosecution;
>
> (5) whether the plaintiff would risk suffering injury if identified;
>
> (6) whether the interests of children are at stake; and
>
> (7) whether there are less drastic means of protecting the legitimate interests of either party. None of these factors is dispositive, and all should be considered together in each case.

*Doe v. Goldman*, 169 F.R.D. 138, 139–40 (D. Nev. 1996) (internal citations omitted). Numerous courts have found the need for anonymity when it is "necessary to preserve privacy in a matter of a sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068 (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)); *see also, e.g.*, *C.B. v. Pittsford Cent. School Dist.*, 08-cv-6462 CJS, 2009 WL 2991564, at *5 (W.D.N.Y. Sept. 15, 2009) (IDEA claim), *Patient v. Corbin*, 37 F.Supp.2d 433, 434 (E.D. Va. 1998) (ADA and Rehabilitation Act claim for HIV-positive patient); *John Doe 140 v. Archdiocese of Portland in Oregon*, 249 F.R.D. 358, 359 (D. Or. 2008) (sexual abuse); *Plaintiff B v. Francis*, 631 F.3d 1310, 1317 (11th Cir. 2011) (minors coerced into explicit sexual conduct constitutes matter of "utmost intimacy").

In this case, Plaintiffs are challenging governmental activity relating to their

4

immigration status. Plaintiffs will be required to disclose intimate information of a highly sensitive and personal nature in this case including their immigration status, country of origin, and health and disability. *See* Decl. of W. Lacker ¶¶ 5, 7.[1] Plaintiffs may also have to reveal their personal health status or the health status of their close family and loved ones. Plaintiffs have both legitimate privacy interests and a reasonable fear of retaliation, and there is no less drastic means of protecting Plaintiffs' interests. Applying the balancing test, Plaintiffs' "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity" and this Court should allow Plaintiffs to proceed under pseudonyms.

### A. Plaintiffs' Anonymity Is Essential to Prevent Retaliation and Preserve Privacy

This litigation involves highly personal and sensitive issues of immigration status, country of origin, and health and disability. Accordingly, Plaintiffs need to protect their identities.

#### 1. Immigration status

Plaintiffs have a great interest in keeping their immigration status private. *See* Lacker Decl. ¶ 5. Immigration status currently in the future as well as prospects for employment in the United States in the future.

Plaintiffs are at risk for potential government retaliation by exposing their identities, especially given that Defendant is a government agency. *See Advanced Textile*, 214 F.3d at 1068 (acknowledging that plaintiffs may reasonably fear facing retaliation from defendant-employer). As foreign nationals planning to continue the education in the United States, and two may later apply to work or reside in the U.S. post-graduation, Plaintiffs will have continued interactions with Defendant after the

---

[1] As a result of the ongoing public health crisis related to COVID-19, and the related stay-at-home orders in effect in California, Plaintiffs have not yet been able to sign declarations announcing their intention to file this lawsuit under pseudonym in person. Counsel for Plaintiffs will obtain signed declarations from each Plaintiff and file them with the Court as expeditiously as the COVID-19 local emergency orders allow. Lacker Decl. ¶¶ 3, 8.

1  litigation. The retaliations may come in the form of undue delay in Plaintiffs' visa
2  processing, lower chance of getting government positions, or getting listed on the
3  government watchlist.
4        Plaintiffs also have a legitimate fear for their future job prospects in America.
5  In order for foreign nationals to work in the United States long-term after graduation,
6  they need to adjust their visa from F1 to OPT and eventually to H1B. Securing H1B
7  requires money, time, and, most importantly, luck. Those who do not "win" H1B must
8  leave the country almost immediately after.
9        For these reasons, employers have prioritized their institutional interests and
10 inexplicitly weighed immigration status a negative factor in their recruitment process.
11 Affinity groups therefore have shared tailored resources for international students on
12 navigating the On-Campus Interview program—one of the tips include not asking
13 questions about law firms' visa policies until *after* the student secures a position.
14 Leave to proceed under pseudonyms is necessary for Plaintiffs who are foreign
15 nationals and may face significant disadvantages in their job search if not for
16 anonymity.
17       B.    **Harassment Based on National Origin**
18       COVID-19 has ignited incidents of hate crimes against people of certain
19 nationalities, particularly towards members of Chinese descent. *See* Lacker Decl. ¶ 6.
20 Verbal and physical harassments against Chinese have abound in social media, streets,
21 and workspaces from both citizens and politicians. Just like the garment workers in
22 *Advanced Textile* who were worried "that if their true identity is revealed, they will
23 face actual physical violence, [or] threat of physical violence," several of the Plaintiffs
24 have an interest in preventing the disclosure of their national origin to protect
25 themselves against xenophobic attacks and hate crimes, or harassment on social
26 media. 214 F.3d at 1063.
27       C.    **Health and Disability**
28       Preventing public displays of Plaintiffs' preexisting health conditions and

1  disabilities is essential. Any discussion of Plaintiffs' increased susceptibility to
2  COVID-19 would raise concerns about Plaintiffs' intimate details of their health
3  conditions. When detailed information about a student's disability is a part of a case,
4  the student is at risk of being "stigmatized and humiliated if the sensitive information
5  in the record is made public." *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898
6  F.2d 1371, 1376–77 (8th Cir. 1990). Exposing information about Plaintiffs' health
7  conditions poses the risk of future discrimination and embarrassment.

      D.    **The Public's Interest in Knowing the Names of Plaintiffs Is Not Substantial and Defendants Will Not Be Prejudiced; Thus, the Use of Pseudonym Is Appropriate.**

11        Plaintiffs' privacy interests outweigh the public's interest in knowing their
12  names. The actual identities of the parties are not always necessary to satisfy the
13  public interest in the issues and merits of a case. *See Advanced Textile*, 214 F.3d at
14  1072–73. Where a case has "widespread implications" for the public at large and
15  where plaintiffs' identities would not "obstruct public scrutiny of the important
16  issues," the Ninth Circuit has held that the trial court may grant leave to proceed under
17  pseudonyms. *Id*. Here, Plaintiffs' claims have widespread implications for all
18  nonimmigrant F1 and M1 students across the country. Withholding Plaintiffs' names
19  would not obstruct public scrutiny of the issues at hand.

20        There is little prejudice to Defendants, since anonymity of Plaintiffs will not
21  prevent Defendants from preparing a defense at this stage in the proceedings, and
22  procedural mechanisms could be employed during the discovery phase if need to
23  ensure that full discovery could occur. *See E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D.
24  588, 594 (E.D. Cal. 2008).

25        For the foregoing reasons, Plaintiffs respectfully request leave to proceed under
26  pseudonyms in this case.

27
28

## III. LEAVE TO FILE UNDER SEAL SHOULD BE GRANTED TO PROTECT PLAINTIFFS' IDENTITIES.

Documents and non-dispositive motions may be filed under seal when there is good cause for the secrecy. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1181 (2006). Good cause exists when documents contain "sensitive personal information." *Id.*

Pursuant to Local Rule 79-5, Plaintiffs seek leave to file under seal in part (the Declaration of Stacy Horth-Neubert in Support of *Ex Parte* Application to Proceed Under Fictitious Names and to File Under Seal. Leave to file under seal is respectfully requested to the extent the Plaintiffs' *Ex Parte* Application and the Declaration of Stacy Horth-Neubert contain the true identities of the Plaintiffs and other identifying information. Anonymity in this action is essential to protect their strong privacy interests and tor protect them from retaliation, as show above, and leave to file under seal is therefore appropriate.

Plaintiffs' request is narrowly tailored and compelling reasons support secrecy. Plaintiffs only seek to protect the identities of the individual Plaintiffs. Plaintiffs will publicly file a redacted copy of these documents.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Plaintiffs leave to proceed in this litigation under fictitious names, and to file the Declaration of Stacy Horth-Neubert in Support of *Ex Parte* Application under seal.

| | | |
|---|---|---|
| DATED: July 10, 2020 | By: | /s/ *David R. Carpenter*\* |
| | | Lisa M. Gilford |
| | | David R. Carpenter |
| | | Stacy Horth-Neubert |
| | | SIDLEY AUSTIN LLP |
| | By: | /s/ *Mark D. Rosenbaum* |
| | | Mark D. Rosenbaum |
| | | PUBLIC COUNSEL |
| | By: | /s/ *Evan Caminker* |
| | | Dean Emeritus and Branch Rickey Collegiate Professor of Law |
| | | UNIVERSITY OF MICHIGAN LAW SCHOOL |
| | By: | /s/ *Mark E. Haddad* |
| | | USC Gould School of Law |
| | | UNIVERSITY OF SOUTHERN CALIFORNIA |

Attorneys for Plaintiffs
Z.W., C.Y, X.Y., A.G., M.X., Z.L., W.R., and DOES 1 through 50

\* Filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.