**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 20-01220-CJC-KES                      Date: August 3, 2020

Title: <u>Z.W., *ET AL.* V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *ET AL.*</u>

PRESENT:

    **<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

| <u>Gabriela Garcia</u> | <u>    N/A    </u> |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                     None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER [Dkt. 16] AND AMENDED APPLICATION FOR TEMPORARY RESTRAINING ORDER [Dkt. 36] AND DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS [Dkt. 45]**

      On July 10, 2020, Plaintiffs—all of whom are graduate students studying at California universities on F-1 visas—brought this action seeking relief from the Guidance issued by the Department of Homeland Security's Student and Exchange Visa Program ("SEVP") on July 6, 2020. (Dkt. 1 [Complaint].) The July 6 Guidance barred student visa holders from remaining in the United States during the upcoming fall semester if their universities cancelled in-person classes in response to the COVID-19 pandemic. Four days after filing suit, Plaintiffs applied for a temporary restraining order that would enjoin Defendants from implementing the July 6 Guidance. (Dkt. 16 [TRO Application, hereinafter "TRO"].) Later that same day, however, Defendants rescinded the challenged Guidance. (Dkt. 18.) Defendants' rescission of the July 6 Guidance was finalized on July 24, 2020 when the United States Immigration and Customs Enforcement ("ICE") issued updated guidance confirming that it will "abide by SEVP guidance originally issued in March 2020" which "enables schools and students to engage in distance learning in excess of regulatory limits due to the public health emergency generated by COVID-19." (Dkt. 46-1 [July 24 Broadcast Message].)

      Now before the Court are Plaintiffs' application for a temporary restraining order (TRO), Plaintiffs' amended application for a temporary restraining order (Dkt. 36 [hereinafter "Amended TRO"].), and Defendants' motion to dismiss, (Dkt. 45 [hereinafter "Mot."].). Plaintiffs concede

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 20-01220-CJC-KES Date: August 3, 2020
Page 2

---

that "a TRO is no longer necessary because the July 24 Guidance provides much of the relief sought in the TRO Application." (Dkt. 48 [Opposition to Motion to Dismiss] at 1.) Accordingly, both the original TRO application and the Amended TRO application are **DENIED**.

In their motion to dismiss, Defendants contend the rescission of the July 6 Guidance moots this action in its entirety and that it should be dismissed altogether. (*See* Mot.) Plaintiffs oppose that motion and request leave to amend their Complaint so that they can clarify the relief they continue to seek. (*Id.* at 3.) The Court finds that such amendments are necessary so that the operative pleading aligns with the current state of affairs. Accordingly, Defendants' motion to dismiss is **DENIED WITHOUT PREJUDICE.** Plaintiffs are hereby **ORDERED** to file an amended pleading that sets forth the relief they continue to seek by August 14, 2020. The hearing on Defendants' motion set for August 24, 2020 is hereby vacated and taken off calendar.

jy